UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SAMUEL SHECHTER, SUMMIT AT POMONA
LTD., and SHELDON OCKO, Individually and on
behalf of all Others Similarly Situated,

                    Plaintiffs,

          - against -

JOSEPH TUREK, KATRINA CHAMPAGNE,
BIOMETRICS 2000 CORPORATION, AKCESS
BIOMETRICS CORPORATION, AXIOM
SOLUTIONS CORPORATION, PERRIN
HOLDEN & DAVENPORT CAPITAL CORP.,
AARON CAPITAL, INC., NELSON BRAFF,
and EYTAN SUGARMAN,

                    Defendants.
-----------------------------------------------------------------x

06 Civ. 15358 (CLB)

*Memorandum & Order*

Brieant, J.

      Before the Court for decision in this PSLRA case with numerous supplemental state law claims, is a Motion to Dismiss pursuant to Rule 12(b)(6) and 9(b) by defendants Perrin, Holden & Davenport Capital Corp., and Nelson Braff (collectively "PHD").  (Doc. 27), and defendant Eytan Sugarman's Motion to Dismiss pursuant to Rules 12(b)(1) and Rule 12(b)(6), (Docs. 30 and 31).

      Plaintiffs Samuel Shechter, Summit at Pomona Ltd., and Sheldon Ocko suing in behalf of themselves and a class of purchasers, filed their Complaint on December 21, 2006, asserting claims under Section 10(b) of the Exchange Act (and Rule 10b-5 promulgated thereunder), and of Section 20(a) of the Exchange Act, and also asserting state law claims of fraud, conversion, unjust enrichment, constructive trust and for money had and received.

-1-

The following facts are assumed to be true for the purpose of these motions only.

Plaintiff Summit Pomona Ltd. (Summit) is a New York corporation with its principal office in this district.  Samuel Shechter and Sheldon Ocko are citizens of New York.  Defendants Joseph Turek and Katrina Champagne are residents of Massachusetts who at relevant times were officers or principals of Biometrics 2000 Corporation (Biometrics), which is a New York corporation with its principal place of business in Massachusetts.  On June 1, 2007, Plaintiffs dismissed their case against Biometrics 2000 Corporation.  Defendants Akcess Biometrics Corporation (Akcess) and Axiom Solutions Corporation (Axiom) are Nevada corporations with their principal office in Massachusetts.  Defendant Perrin Holden & Davenport Capital Corp. (PHD) is a New York corporation.  Defendant Aaron Capital, Inc. (Aaron) is a Texas corporation which transacted business in New York at relevant times and defendant Nelson Braff, a principal of PHD, is a citizen of New York as is defendant Eytan Sugarman.  Ms. Champagne and Mr. Turek are also alleged to be principals or officers or controlling persons of Axiom and Akcess.

Plaintiffs seek to sue for their own interests and as class representatives of a Class consisting of all persons who purchased, acquired and/or held the securities of Biometrics, Akcess or Axiom between January 1, 2003 and the filing of the Complaint in this action on December 21, 2006 excluding Officers, Directors and agents of the Defendants and their affiliates.

The Complaint alleges that Mr. Shechter individually and acting through Summit, and Mr. Ocko have both "invested in or loaned money to Turek, Biometrics, Akcess, Axiom and/or Turek & Co. (not sued) and that these investments have been in the form of purchases of stock and/or loans to the company. Plaintiffs allege that they were not, in fact, provided with shares of stock to which they were entitled under their transactions and that "certain or all of their monetary advances to Biometrics were 'converted' by Turek and/or Champagne and that Turek, Biometrics, Akcess and/or Axiom have borrowed money from Shechter, Summit and Ocko which they did not intend to repay.

Plaintiffs allege that they were induced to invest in Biometrics and/or Akcess and/or Axiom by false and fraudulent representations upon which they reasonably relied.

Paragraph 38 of the Complaint sets forth seven separate allegedly false or misleading statements made by Mr. Turek at a meeting held in the Spring of 2005 in Massachusetts: that he was a graduate of the Massachusetts Institute of Technology; that Biometrics was involved in an active business relationship with Honeywell; that he and Biometrics had a viable commercial relationship with "various departments of the United States government including but not limited to national security, intelligence, covert intelligence and all law enforcement agencies;" that Biometrics was doing business with a firm involved in the medical insurance business that was managed by the brother of Henry Kissinger; that numerous applications for the patent of devices purportedly invented or developed by Turek which were to be licensed and marketed by Biometrics, Akcess or Axiom with the use of Plaintiff's funds had been granted or received

preliminary approval or were pending before the United States Patent and Trademark Office; Biometrics had the technology for and had developed a device that could take high resolution photographs from an individual's hand from a distance of approximately twenty feet and could provide readable fingerprint images; and last but not least, that Biometrics was about to "go public" and anyone who owned shares of the company would profit thereby.

      Schechter and Ocko go on to allege that "on numerous occasions in 2003, 2004, 2005 and 2006" that Turek and/or Champagne conversed with them over the telephone and made representations and promises on a weekly basis. It is said that in these telephone calls, Turek made material false promises and statements and misrepresentations set forth in Paragraph 39 of the Complaint, some eleven in number, with which the reader is assumed to be familiar. A meeting was held at Tarrytown, New York in mid 2005 at which a person accompanying Turek misrepresented that he and Turek were preparing to sell to police forces in Japan a device that all police officers would carry on their person to identify fingerprints of all Japanese citizens.

      Movant Eytan Sugarman appears in the Complaint first beginning in paragraph 45, which alleges that an unauthorized Bankruptcy petition was executed and filed by defendant Sugarman in the Western District of Pennsylvania on October 15, 2005 for Biometrics but that Sugarman was not an officer or director of the company and had no legal capacity to execute the Petition; that Sugarman did so on behalf of Biometrics at the request of defendant PHD or persons acting together with PHD; that the venue was improper and was selected because the jurisdiction was perceived as favorable to the plan of reorganization that PHD would propose for Biometrics. It

is thereafter alleged that Turek "repeatedly misrepresented" to Plaintiffs that he did not know that the Bankruptcy Petition had been filed or that he had nothing to do with filing it. Shechter alleges that he invested approximately $330,000.00 with Turek at Turek's suggestion, without knowing that Biometrics had filed a Bankruptcy Petition and would not have done had he known.

Plaintiffs allege that they were to receive shares of Akcess or Axiom as founders for the company and in exchange for their investments in Biometrics but have not done so.

Defendant PHD is alleged to be a securities brokerage and investment banking firm of which defendant Nelson Braff is principal, which has acted for Biometrics, Akcess and/or Axiom and Shechter claims he purchased shares through PHD as a broker at the direction of Turek, although this transaction apparently cannot be documented. Defendant Aaron is also a broker allegedly recommended to Plaintiffs as a place to purchase shares of Biometrics. Aaron is alleged to be a securities brokerage and investment banking firm with its principal place of business in California.

Shechter also alleges (¶ 71) that on numerous occasions in 2004 and 2005, Turek without his knowledge or consent directed Aaron to sell Biometric stock held in Shechter's account and the proceeds of these sales were transferred at the direction of Turek to an account that was jointly held by Turek and Shechter, and Turek then wrote checks on the account payable to Biometrics and cashed them.

The Complaint pleads a First Claim (¶ 77 *et seq*.) which alleges a violation of § 10b and Rule of the Exchange Act and Rule 10b-5 promulgated thereunder against all Defendants. The second claim pleaded beginning in ¶ 89 alleges a violation of § 20a of the Exchange Act by Turek and Champagne as controlling persons of Biometrics, Akcess and/or Axiom. The Third Claim pleads Common Law Fraud under New York Law. The Fourth Claim pleads Conversion under New York Law and the Fifth Claim is for Unjust Enrichment. The Sixth Claim alleges a Constructive Trust and the Seventh Claim is for Money Had and Received.

A schedule attached to the Complaint in this case purports to show both purchases and sales by Schechter of a substantial number of shares of Biometrics 2000 Corporation with purchases beginning on March 1, 2004 and ending on March 11, 2005 and sales beginning on August 31, 2004 and concluding on March 14, 2005.

Counsel for the parties have filed a large number of documents, most of which are referred to or incorporated by reference in the Complaint, but many of which are not.

## Discussion

*Eytan Sugarman*

As noted earlier, the Complaint represents that the last purchase of Biometrics stock by Mr. Shechter occurred on March 11, 2005 and by Mr. Ocko, there was only one purchase which occurred on October 3, 2003. Summit does not allege that it ever acquired shares of Biometrics.

The only allegation against defendant Sugarman is that he allegedly, on October 15, 2005, after the last purchase of stock by Plaintiffs, verified a Chapter 11 Bankruptcy Petition for Biometrics.  Assuming as is alleged in the Complaint that nobody authorized him to do so and assuming also that the venue was improper and that Sugarman knew this and was engaged in improper forum shopping, this Complaint does not state a viable claim against Mr. Sugarman for violating the federal securities laws.  Mr. Sugarman represents to the Court and it is not denied, that Biometrics and others filed motions for change of venue, that Shechter objected, and when the motion was granted, took an appeal to the district court which is now pending in the United States District Court for Western District of Pennsylvania before Judge Conti under Civil Action 06-CV-01448.

Insofar as concerns the only two federal claims pleaded in this action, there is no allegation and no evidence that Sugarman made any statements or representations in connection with the purchase and sale of a security to Plaintiffs nor that he was a controlling person of any of the issuers.  Indeed, Plaintiffs allege affirmatively that he was not an officer, director or a principal of Biometrics.

Since Plaintiffs fail to state a claim for violation of the Federal Securities Laws against Sugarman, there is no purpose in this Court exercising supplemental jurisdiction over him with respect to the state law claims pleaded.

The motion of defendant Sugarman is granted.  The federal claims are dismissed as to him with prejudice and the state law claims are dismissed without prejudice.

*Perrin Holden & Davenport Capital Corp. and Nelson Braff*

As amplified by submissions in connection with this motion, Mr. Shechter sent a bank check dated September 4, 2003 in the amount of $50,000.00 to PHD payable to "PHD Capital Escrow Account."  This was long prior in time to the date of any stock purchase by Mr. Shechter as alleged in the schedule attached to the Complaint, which asserts that the first purchase occurred March 1, 2004.  The Complaint does not allege that this $50,000.00 payment was for the purchase of Biometric stock or any other stock.  Understandably, Shechter alleges that the money he provided to PHD "simply evaporated."  This clearly supports the state law claim for money had and received, but does not state a claim for violation of the federal securities laws.  Whatever PHD and its principal Braff did in connection with the check dated September 4, 2003, is not actionable under § 10b of the Exchange Act based on the present allegations.

The federal claims against Perrin Holden and Davenport Capital Corp. and Nelson Braff are dismissed with prejudice.  The remaining common law claims alleged under New York Law are dismissed without prejudice.  Such dismissal is with leave to file an amended complaint within twenty (20) days if so advised which shall plead with specificity the dates, amount of shares and price of any shares purchased from PHD, during the class period as obliquely alleged in ¶ 60 of the Complaint.  Such amended complaint, if filed, must also identify all statements or other actions made by PHD or Mr. Braff in connection with the purchase or sale of such security

and claimed to violate the federal securities laws.

The "puffing" comments attributable to Braff do not appear to this Court to be actionable as fraudulent and from this Court's reading of the numerous written submissions on these motions apparently were made after Plaintiffs' purchases of Biometrics shares.

**Conclusion**

Motion (Docs. 30 and 31) is granted.  Motion (Doc. 27) is granted with leave to replead the federal claim with sufficient particularity if so advised, within twenty (20) days.  The Court declines at this time to make the finding contemplated by Rule 54(b) Fed.R.Civ.P.

A status conference of counsel with the Court shall be held on October 5, 2007 at 9:00 A.M.

X

      X

          X

SO ORDERED.

Dated: White Plains, New York
       July 26, 2007

*Charles Brieant*

Charles L. Brieant, U.S.D.J.